## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-477

**PARABLE,** an unincorporated nonprofit association, on behalf of itself and its members;
**RON HANKS,**
**LAUREL IMER,**
**DAVE PETERS,**
**CHARLES W. "CASPER" STOCKHAM,**
**JOANN WINDHOLZ,**

   *Plaintiffs,*

v.

**JENA GRISWOLD**, in her official capacity as Colorado Secretary of State,

   *Defendant.*

---

## COMPLAINT

---

PARABLE, an unincorporated nonprofit association of Colorado major party registered voters, candidates, and county party officials, together with individual candidates, county chairs, and major party voters (hereinafter "Plaintiffs"), by and through their undersigned legal counsel, file this Complaint for Declaratory and Injunctive Relief

### NATURE OF THE CASE

1.  This is a suit challenging the legality, both on its face and as applied, of Colorado's Proposition 108 (and its implementing statutes) ("Proposition 108"), a ballot initiative adopted

in 2016 that requires a major political party[1] to allow voters not affiliated with the party to vote in that party's primary election and thereby to help determine the party's nominee for the general election.  Proposition 108 harms Plaintiffs by infringing upon their rights of free speech and association secured by the First Amendment to the United States Constitution (as incorporated and made applicable to the States by the Fourteenth Amendment) and their rights to equal protection of the laws secured by the Fourteenth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

2.   This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1983 and 1988.  This Court has jurisdiction over the claims asserted pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343.  The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983 and Rule 57 of the Federal Rules of Civil Procedure.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.   Plaintiff PARABLE ("People for Association Rights and Bi-Partisan Limited Elections") is an unincorporated nonprofit association of Colorado major party candidates, leaders, and voters formed to challenge Proposition 108's restrictions on their constitutionally-protected rights of speech, association, and equal protection of the laws.  It sues on its own

---

[1] Colorado law distinguishes between "major" political parties and "minor" political parties.  The former is defined as "any political party that at the last preceding gubernatorial election was represented on the official ballot either by political party candidates or by individual nominees and whose candidate at the last preceding gubernatorial election received at least ten percent of the total gubernatorial votes cast."  Colo. Rev. Stat. § 1-1-104(22).

behalf and on behalf of its members, one or more of whom have standing to challenge Proposition 108 in their own right. The claims it raises on behalf of its members are germane to its purpose, and neither the claims asserted herein nor the relief requested requires the participation of individual members.

4.   Plaintiff RON HANKS is a natural persona and a resident of, and registered voter in, Fremont County, Colorado. Mr. Hanks is currently a member of Colorado General Assembly (District 60) and a candidate for the Republican nomination for U.S. Senate. He attended the Colorado Republican Party State Central Committee meeting on September 18, 2021, and voted in favor of the resolution to challenge the Proposition 108 Open Primary law.

5.   Plaintiff LAUREL IMER is a natural person and a resident of, and registered voter in, Jefferson County, Colorado. She attended the Colorado Republican Party State Central Committee meeting on September 18, 2021, and voted in favor of the resolution to challenge the Proposition 108 Open Primary law. Ms. Imer was the Republican nominee for the Colorado House of Representatives (District 24) in 2020 and is currently a candidate for the Republican Party nomination for U.S. House of Representatives (District 7) in 2022. She intends to stand for election (or re-election) again in the primary election in 2024.

6.   Plaintiff DAVE PETERS is a natural person and a resident of, and registered voter in, La Plata County, Colorado. Mr. Peters is Chairman of the La Plata County Republican Committee, Chairman of the Congressional District 3 Republican Party, and a member of the state executive committee of the Colorado Republican Party. Although he did not attend the Colorado Republican Party State Central Committee meeting on September 18, 2021, he voted by proxy in favor of the resolution to challenge the Proposition 108 Open Primary law.

7.   Plaintiff CHARLES W. "CASPER" STOCKHAM is a natural person and a resident of, and registered voter in, Arapahoe County, Colorado.  He attended the Colorado Republican Party State Central Committee meeting on September 18, 2021, and voted in favor of the resolution to challenge the Proposition 108 Open Primary law.  Mr. Stockham was the Republican nominee for Congress in the 7th congressional district in 2020.  Following the 2020 reapportionment, he now resides in the 6th congressional district and decided not to run for Congress in that district because of concern about unaffiliated voters skewing the outlook for his success in the Republican primary.  If the Republican Party were able to hold a primary limited to Republican voters, he would seek the nomination for Congress in 2022 and 2024.

8.   Plaintiff JOANN WINDHOLZ is a natural person and a resident of, and registered voter in, Adams County, Colorado.  Ms. Windholz is Chairman of the Adams County Republican Committee and a former member of the Colorado House of Representatives.  She attended the statewide Colorado Republican Party State Central Committee meeting on September 18, 2021, and voted in favor of the resolution to challenge the Proposition 108 Open Primary law.

9.   Defendant JENA GRISWOLD is the Colorado Secretary of State.  She is sued in her official capacity.  As Secretary of State, she supervises the conduct of primary elections in Colorado and enforces the provisions of Colorado's election code.  Colo. Rev. Stat. Ann. §§1-1-107(1)(a, b).

**FACTS AND LEGAL AUTHORITY**

10. The rights of free speech and association protected by the First Amendment to the United States Constitution includes the right of political parties to choose their nominees for office without interference by those who are not members of the party and have chosen not to

affiliate with the party.

11. Section 1-2-218.5(2) of the Colorado Revised Statutes provides that "[a]ny unaffiliated eligible elector may, but is not required to, declare a political party affiliation when the elector desires to vote at a primary election."

12. Section 1-4-101(2)(b) of the Colorado Revised Statutes mandates that, for political parties entitled to participate in a primary election, primary election ballots be provided to "unaffiliated electors," who are then able to choose to vote in a party primary election without affiliating with that party.

13. Section 1-4-104 of the Colorado Revised Statutes provides that "[c]andidates voted on for offices at primary elections who receive a plurality of the votes cast shall be the respective party nominees for the respective offices."

14. Section 1-7-201(2.3) of the Colorado Revised Statutes provides that "[a]n eligible unaffiliated elector … is entitled to vote in the primary election of a major political party without affiliating that political party."

15. As of February 1, 2020, there are 954,102 registered active Republican voters, 1,070,804 registered active Democrat voters, and 1,637,864 active unaffiliated voters in Colorado, giving rise to the very real possibility that unaffiliated voters voting in the Republican or Democrat primary elections would hand the nomination to someone who did not receive a majority or even plurality of votes from Republican or Democrat Party members, thereby placing the Party's imprimatur on a candidate without majority or even plurality support from the Party's members. Statewide and county by county voter statistics by party registration are available on the official Colorado Secretary of State website at https://www.sos.state.co.us/pubs/elections/VoterReg

Numbers/2022/January/VotersByPartyStatus.pdf.

16. In the ten counties with the largest number of active voters, there are a total of 722,274 active Republican voters, 918,921 active Democrat voters, and 1,343,000 active unaffiliated voters (as of February 1, 2022).  Active unaffiliated voters outnumber active Republican voters in those counties by nearly two to one (1.86 to one), and outnumber active Democrat voters by nearly 1.5 to one (1.46 to one).

17. As of February 1, 2020, there are 59,191 registered active Republican voters, 92,312 registered active Democrat voters, and 130,664 active unaffiliated voters in Adams County, Colorado.  Active unaffiliated voters outnumber active Republican voters by more than two to one, and outnumber active Democrat voters by more than 1.4 to 1.

18. As of February 1, 2020, there are 10,163 registered active Republican voters, 11,670 registered active Democrat voters, and 18,270 active unaffiliated voters in La Plata County, Colorado.  Active unaffiliated voters outnumber active Republican voters by about 1.8 to 1, and outnumber active Democrat voters by more than 1.5 to 1.

19. As of February 15, 2020, there are 151,927 registered active Republican voters, 122,552 registered active Democrat voters, and 201,365 active unaffiliated voters in Colorado's 3rd Congressional District.  Active unaffiliated voters outnumber active Republican voters by more than 1.3 to 1, and outnumber active Democrat voters by more than 1.6 to 1.

20. As of February 15, 2020, there are 98,307 registered active Republican voters, 139,815 registered active Democrat voters, and 194,398 active unaffiliated voters in Colorado's 6th Congressional District.  Active unaffiliated voters outnumber active Republican voters by nearly 2 to 1, and outnumber active Democrat voters by nearly 1.4 to 1.

21. As of February 15, 2020, there are 128,520 registered active Republican voters, 142,737 registered active Democrat voters, and 230,852 active unaffiliated voters in Colorado's 7th Congressional District.  Active unaffiliated voters outnumber active Republican voters by nearly 1.8 to 1, and outnumber active Democrat voters by more than 1.6 to 1.

22. Section 1-2-201(b)(IV) of the Colorado Revised Statutes permits a voter to affiliate with a political party by registering to vote at any time, including on election day.

23. Section 1-2-202.5 permits a voter to change or withdraw his or her political affiliation by completing an online electronic form no later than 29 days before the election (current version) or 22 days before the election (version effective March 1, 2022).

24. Unaffiliated voters have been encouraged to vote in Republican primaries to defeat candidates preferred by Republican Party voters.  *See*, *e.g.*, Brenda Freeburn, "Make Boebert one-term," Letter to the Editor, Aspen Daily News (Feb. 2, 2022), attached hereto as Exhibit 1.

25. Political parties may "opt out" of the open primary election created by Prop. 108 "if at least three-fourths of the total membership of the party's state central committee votes to use the assembly or convention nomination process."  Colo. Rev. Stat. § 1-4-702(1).

26. Prop. 108 does not allow a political party to nominate a candidate at a primary election in which only party members are authorized to vote.

27. Attendance at the last 2 odd-numbered year meetings of the Republican State Central Committee (at which an opt-out vote is to occur pursuant to Colo. Rev. Stat. § 1-4-702(1)), total voting membership[2] and percentage necessary to trigger the "opt out" provision of Section 1-4-

---

[2] The Party's bylaws distinguish between voting membership and non-voting membership.  The chairman must file with the Secretary of State a complete role of CRC membership.

702(1) are as follows:

| Year | Total Membership | 3/4 Opt-Out Requirement | No. of Attendees | % of Attendees Needed For Opt-Out | % of Total Needed To Block Opt-Out |
|------|------------------|-------------------------|------------------|-----------------------------------|------------------------------------|
| 2021 | 686 | 514 | 580 (inc. proxies) | 88.65% | 11.35% |
| 2019 | 470 | 353 | 267.64 | Not Possible; < ¾ attendance | 0 |

28. On information and belief, the attendance at the 2017 meeting of the Republican State Central Committee was, like the attendance at the 2019 meeting, less than three-quarters of the total membership. It was therefore not possible to opt out of the Open Primary in either 2017 or 2019, as the number of members in attendance at the annual meeting of the Republican State Central Committee was itself below the required three-quarter of total membership threshold mandated by CRS § 1-4-702. Even in 2021, when attendance (including proxies) exceeded three quarters of total membership, a very small minority of total membership – 11.35% – was sufficient to prevent an affirmative vote to opt-out of the Open Primary. On information and belief, attendance was below the three-quarters threshold for many years before Proposition 108 was adopted as well.

29. By requiring a ¾ vote of the total membership of the State Central Committee, the opt-out provision of Section 1-4-702 imposes an undue burden on the Party and its members to determine for itself the method of choosing its nominees.

30. By limiting a political party that succeeds in meeting the super-majority requirement to "opt-out" of the Proposition 108 open primary to only two alternatives, namely, nomination by

convention or assembly caucuses, the opt-out provision of Section 1-4-702 unconstitutionally interferes with the internal operations of the party and constrains the party and its members from choosing its nominees by a primary election at which only party members are eligible to vote.

31. Republican State Central Committee members voted unanimously at the Party's annual State Central Committee meeting held on September 18, 2021, to authorize the "Republican Party of Colorado, its members, or both" to bring a lawsuit challenging the constitutionality of Proposition 108.  Resolution, attached hereto as Exhibit 2.

32. Plaintiffs seek preliminary and permanent injunctive relief enjoining Defendant, her agents, servants, employees and those acting in active concert and with actual notice thereof, from enforcing Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3) and from violating Plaintiffs' First and Fourteenth Amendment rights of free speech, free association, and the equal protection of the laws as guaranteed in the United States Constitution.

33. Plaintiffs also pray for a declaratory judgment to determine the constitutionality of Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), and Defendant's actions in denying Plaintiffs the opportunity to exercise their Constitutional rights, and to declare Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), both on their face and as applied, unconstitutional as a direct violation of the First and Fourteenth Amendments to the United States Constitution.

34. An actual controversy exists between the parties involving substantial Constitutional

issues in that Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), on their face and as applied, violate the United States Constitution.

**COUNT 1**
**(VIOLATION OF FIRST AMENDMENT FREEDOM**
**OF ASSOCIATION BY OPEN PRIMARY LAW)**

35. Plaintiffs hereby reiterate and adopt each and every allegation in the preceding paragraphs numbered 1 through 34.

36. The Supreme Court has recognized "as implicit in the right to engage in activities protected by the First Amendment a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984).

37. The "freedom of association … plainly presupposes a freedom not to associate." *Roberts*, 468 U.S. at 623.

38. The Right of Free Association protected by the First Amendment to the United States Constitution, and incorporated and made applicable to the States via the Fourteenth Amendment, prohibits Defendant from abridging Plaintiffs' right of free association by forcing them to allow unaffiliated voters – people who by definition are not part of Plaintiffs' political association – to vote in the primary election that determines the nominee of Plaintiffs' political party. *See California Democratic Party v. Jones*, 530 U.S. 567 (2000).

39. Proposition 108 expressly declared that its purpose was to "encourage candidates who are responsive to the viewpoints of more Coloradans," thereby acknowledging that it was designed to alter the political expression of members of political parties.

40. Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3), to the extent they allow unaffiliated voters to vote in major party primary elections, on their face and as applied, are a severe burden on Plaintiffs' freedom of association.

41. The opt-out provision of Colo. Rev. Stat. Section 1-4-702 does not alleviate the burden on Plaintiffs' freedom of association for at least two reasons:  First, the requirement that opt-out is only permitted upon a ¾ vote of the entire State Central Committee membership is itself an undue burden, allowing a small minority of the Party's members to thwart the will of the majority of the Party's members; and Second, even were the Party to achieve the super-majority requirement necessary to opt-out of Proposition 108's open primary, Section 1-4-702 unconstitutionally restricts the Party to choosing its nominees by convention or assembly caucus, thus depriving it from allowing all of its active registered voters from participating in the choosing of the Party's nominee through a primary election limited to voters affiliated with the Party.

42. There is no compelling government interest sufficient to justify Defendant's actions in applying Proposition 108 and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), to the major political parties with which Plaintiffs are affiliated.

43. Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), on their face and as applied, are not narrowly tailored to serve any compelling government interest.

44. Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their constitutional right to free association.

45. Defendant either knows, or should know, that Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), are a blatant violation of Plaintiffs' constitutional right to free association.

46. As a direct and proximate result of Defendant's continuing violations of Plaintiffs' rights, Plaintiffs have in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining Defendant from enforcing Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3),

## COUNT 2
## (VIOLATION OF FIRST AMENDMENT FREEDOM
## OF ASSOCIATION BY OPT-OUT PROVISION)

47. Plaintiffs hereby reiterate and adopt each and every allegation in the preceding paragraphs numbered 1 through 34.

48. The Supreme Court has recognized "as implicit in the right to engage in activities protected by the First Amendment a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984).

49. The freedom of association is unconstitutionally burdened by Government's "intrusion into the internal structure or affairs of an association." *Roberts*, 468 U.S. at 623.

50. "Freedom of association … encompasses a political party's decisions about the identity

of, and the process for electing, its leaders." *Eu v. San Francisco Cty. Democratic Cent. Comm*., 489 U.S. 214, 229 (1989).

51. The Right of Free Association protected by the First Amendment to the United States Constitution, and incorporated and made applicable to the States via the Fourteenth Amendment, prohibits Defendant from abridging Plaintiffs' right of free association by limiting the procedures for choosing the nominees of the major parties with which they are affiliated to a convention or assembly caucus in the unlikely event the major party meets the supermajority requirement of Section 1-4-702 to opt out of Proposition 108's Open Primary system.

52. Colo. Rev. Stat. Section 1-4-702, on its face and as applied, is a severe burden on Plaintiffs' freedom of association for at least two reasons:  First, the requirement that opt-out is only permitted upon a ¾ vote of the entire State Central Committee membership is itself an undue burden, allowing a small minority of the Party's members to thwart the will of the majority of the Party's members; and second, even were the Party to achieve the super-majority requirement necessary to opt-out of Proposition 108's open primary, Section 1-4-702 unconstitutionally restricts the Party to choosing its nominees by convention or assembly caucus, depriving it from allowing all of its active registered voters from participating in the choosing of the Party's nominee through a primary election limited to voters affiliated with the Party.

53. There is no compelling government interest sufficient to justify Defendant's actions in applying Colo. Rev. Stat. Section 1-4-702 to Plaintiffs.

54. Colo. Rev. Stat. Section 1-4-702, on its face and as applied, is not narrowly tailored to serve any compelling government interest.

55. Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their constitutional right to free association.

56. Defendant either knows, or should know, that Colo. Rev. Stat. Section 1-4-702 is a blatant violation of the Plaintiffs' constitutional right to free association.

57. As a direct and proximate result of Defendant's continuing violations of Plaintiffs' rights, Plaintiffs have in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining Defendant from enforcing Colo. Rev. Stat. Section 1-4-702.

## COUNT 3
## (FIRST AMENDMENT FREEDOM OF SPEECH)

58. Plaintiffs hereby reiterate and adopt each and every allegation in the preceding paragraphs numbered 1 through 34.

59. The Right of Free Speech protected by the First Amendment to the United States Constitution, and incorporated and made applicable to the States via the Fourteenth Amendment, prohibits Defendant from abridging Plaintiffs' right of free speech by forcing their political associations to deem as those associations' nominee for office a candidate chosen in an open primary election in which unaffiliated voters are allowed to participate.

60. Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections and thereby to determine which candidate will be designated as

the major party nominee, on their face and as applied, are a severe burden on Plaintiffs' right of free speech.

61. There is no compelling government interest sufficient to justify Defendant's actions in applying Proposition 108 and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to Plaintiffs.

62. Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections, on their face and as applied, are not narrowly tailored to serve any compelling government interest.

63. Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their constitutional right to free speech.

64. Defendant either knows, or should know, that Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections, are a blatant violation of Plaintiffs' constitutional right to free speech.

65. As a direct and proximate result of Defendant's continuing violations of Plaintiffs' rights, Plaintiffs have in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining Defendant from enforcing Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-

101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in Republican primary elections.

## COUNT 4
## (FOURTEENTH AMENDMENT EQUAL PROTECTION/VOTE DILUTION)

66. Plaintiffs hereby reiterate and adopt each and every allegation in the preceding paragraphs numbered 1 through 34.

67. The Right to the Equal Protection of the Laws protected by the Fourteenth Amendment to the United States Constitution prohibits States from diluting the weight to be accorded to a person's vote, *Reynolds v. Simms*, 377 U.S. 533, 568 (1964), including votes cast by members of a political party in that party's primary election.

68. Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections, on their face and as applied, dilute the votes cast by Plaintiffs and other members of major political parties when the party has not determined for itself to permit voting by those who are not affiliated with, and have deliberately chosen not to affiliate with, the party.

69. There is no compelling government interest sufficient to justify Defendant's actions enforcing Proposition 108 and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections and thereby dilute the votes of Plaintiffs and other party members.

70. Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections and thereby dilute the votes of Plaintiffs and other party

members, on their face and as applied, are not narrowly tailored to serve any compelling government interest.

71. Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their constitutional right not to have their votes diluted.

72. Defendant either knows, or should know, that Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections, are a blatant violation of Plaintiffs' constitutional right not to have their votes diluted.

73. The purpose of Proposition 108 was to allow unaffiliated voters to participate in a major political party's primary elections, thereby diluting the votes of party members in choosing their own party's nominee.

74. As a direct and proximate result of Defendant's continuing violations of Plaintiffs' rights, Plaintiffs have in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining Defendant from enforcing Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections.

## COUNT 5
### (FOURTEENTH AMENDMENT EQUAL PROTECTION/ DISCRIMINATORY TREATMENT)

75. Plaintiffs hereby reiterate and adopt each and every allegation in the preceding paragraphs numbered 1 through 34.

76. The Right to the Equal Protection of the Laws protected by the Fourteenth Amendment to the United States Constitution prohibits States from treating voters affiliated with some political parties differently than voters affiliated with other political parties without good cause related to compelling governmental interests.

77. Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-4-101(2)(b), § 1-4-1304, and 1-7-201(2.3), treat voters affiliated with major political parties differently than voters affiliated with minor political parties.  Pursuant to Sections 1-4-101(2)(b) and 1-7-201(2.3), voters affiliated with major political parties are not permitted to participate in a primary election to choose their party's nominees without their votes being diluted by unaffiliated voters.  But, pursuant to Section 1-4-1304, voters affiliated with minor political parties are permitted to participate in a primary election to choose their party's nominees without dilution of their votes by unaffiliated voters.  That differential treatment infringes upon the fundamental voting rights of voters affiliated with major political parties in violation of the Equal Protection Clause of the Fourteenth Amendment, both on its face and as applied.

78. There is no compelling government interest sufficient to justify Defendant's actions treating voters affiliated with major political parties differently from voters affiliated with minor political parties in the context of compelling association with unaffiliated voters in the choosing of a political party's nominees.

79. The differential treatment of voters affiliated with major political parties and voters affiliated with minor political parties, mandated by Proposition 108, in whole or in part, and

Colo. Rev. Stat. Sections 1-4-101(2)(b), § 1-4-1304, and 1-7-201(2.3), facially and as applied, is not narrowly tailored to serve any compelling government interest.

80. Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their constitutional right to the equal protection of the law.

81. Defendant either knows, or should know, that the differential treatment imposed by Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-4-101(2)(b), § 1-4-1304, and 1-7-201(2.3), is a blatant violation of Plaintiffs' constitutional right to the equal protection of the law.

82. As a direct and proximate result of Defendant's continuing violations of Plaintiffs' rights, Plaintiffs have in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining Defendant from enforcing Proposition 108, in whole or in part, and Colo. Rev. Stat. Sections 1-4-101(2)(b), § 1-4-1304, and 1-7-201(2.3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. That this Court issue a Preliminary and Permanent Injunction, enjoining Defendant, Defendant's officers, agents, employees and all other persons acting in active concert with them, from enforcing Proposition 108 and Colo. Rev. State Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104,1-4-702, and 1-7-201(2.3), in whole or in part, against Plaintiffs

and the major political parties with which they are affiliated, and affording to the major political parties the same right that is available to minor political parties under CRS § 1-4-1304(1.5)(c) to notify the Secretary of State by April 14, 2022, that they wish to prohibit unaffiliated electors from voting in their primary elections.

B. That this Court render a Declaratory Judgment declaring Proposition 108 and Colo. Rev. State Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104,1-4-702, and 1-7-201(2.3), in whole or in part, unconstitutional under the United States Constitution, on their face and as applied to Plaintiffs and the major political parties with which they are affiliated; and, this Court render a Declaratory Judgment declaring that major political parties have the authority to limit the primary election for choosing their nominees to eligible voters who have chosen to affiliate with that party as minor parties are permitted to do under Colo. Rev. Stat. Section § 1-4-1304.

C. That this Court adjudge, decree and declare the rights and other legal relations of the parties, in order that such declaration shall have the force and effect of final judgment;

D. That this Court retain jurisdiction of this matter for purpose of enforcing this Court's order;

E. That this Court award Plaintiffs the reasonable attorneys' fees, costs, and expenses of this action in accordance with 42 U.S.C. § 1988;

F. That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

Respectfully Submitted,

/s/ John C. Eastman
John C. Eastman
CONSTITUTIONAL COUNSEL GROUP
174 W. Lincoln Ave, #620
Anaheim, CA  92805
Telephone: (909) 257-3869
FAX: (714) 844-4817
E-mail: jeastman@ccg1776.com

/s/ Randy B. Corporon
Randy B. Corporon
LAW OFFICES OF RANDY B. CORPORON P.C.
2821 S. Parker Road, Suite 555
Aurora, CO 80014
Telephone: (303) 749-0062
FAX: (720) 836-4201
E-mail: rbc@corporonlaw.com

*Attorneys for Plaintiffs*