IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-477

**PARABLE**, an unincorporated nonprofit association, on behalf of itself and its members;
**RON HANKS,**
**LAUREL IMER,**
**DAVE PETERS,**
**CHARLES W. "CASPER" STOCKHAM,**
**JOANN WINDHOLZ,**

    *Plaintiffs*,

v.

**JENA GRISWOLD**, in her official capacity as Colorado Secretary of State,

    Defendant.

---

**MOTION FOR EXPEDITED BRIEFING SCHEDULE AND EXPEDITED HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
**(FORTHWITH CONSIDERATION REQUESTED)**

---

Plaintiffs respectfully ask the Court to set an expedited briefing schedule and to expedite the setting of a hearing on the pending motion for a preliminary injunction ("Motion").

Pursuant to D.C.COLO.LCivR 7.1, Plaintiffs' counsel made a good faith effort to confer with Defendant regarding her position on this Motion by calling the Attorney General's office and leaving a voice mail in the mailbox counsel was directed to this morning, by emailing multiple Assistant Attorneys General with whom counsel has had prior contact looking for the proper recipient, and by ultimately forwarding drafts of the Complaint, Motion for Preliminary Injunction and the Brief in support of same, along with a notice of intent to seek expedited briefing, to Assistant Solicitor General Grant Sullivan who responded to Plaintiff's counsel and

identified himself as the first point of contact. As of this filing, no position has been identified and Plainitffs' counsel assumes opposition to this motion.

Pursuant to Federal Rule of Civil Procedure 65(a), Defendant has been issued Notice of this Motion via mail and via email.

Plaintiffs have requested this Court to enjoin the enforcement of Proposition 108 which allows unaffiliated voters to vote in primary elections. Because Colorado's primary election is scheduled for June 28, 2022, which is approximately four months away, good cause exists to expedite the briefing schedule. Federal courts have the inherent power to manage their dockets to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citing *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962)).

The statutory deadline of April 14, 2022, contained in CRS § 1-4-1304(1.5)(c) for minor parties to notify the Secretary of State that they wish to prohibit unaffiliated electors from voting in their primary elections, would likely need to be met by major parties as well, should the Open Primary be preliminarily enjoined as requested. Plaintiffs' Imer and Hanks are candidates for the Colorado Republican Party's nomination to the U.S. House of Representatives and U.S. Senate respectively. Plaintiff Stockham is a potential candidate who has said he will run if the conducting of an Open Primary is enjoined. As candidates, they will soon be developing various marketing and advertising strategies to enhance their prospects of success in the upcoming primary election.

An expedited briefing schedule and hearing will enable Colorado voters who have chosen to associate with a political party to avoid harm and prejudice as their candidate pool is

muddied by strategic actions of political activists[1], who encourage unaffiliated voters to vote in party primaries to defeat their preferred candidates.  Nomination of candidates is the most critical stage of the electoral process because the ultimate choice of the mass of voters is determined when the major party nominations have been made.  *Newberry v. United States*, 256 U.S. 232, 286 (1921).

Defendant will not be prejudiced by this Motion because she is required to uphold the constitutionality of the election process and to act in the best interests of Coloradans.  With the primary election fast approaching and Defendant's position as a fiduciary for the People of Colorado, a prompt resolution by the Court in determining whether Proposition 108 should be enjoined as unconstitutionally infringing upon Coloradan's freedom to associate benefits her as well.

Therefore, the Court should expedite the hearing and briefing schedule for Plaintiffs' Motion for a Preliminary Injunction because it is in the best interest of all the parties and the People of Colorado.  *Optic-Elec. Corp. v. United States*, 683 F. Supp. 269, 271 (D.D.C. 1987).  Until a preliminary injunction hearing is held, Plaintiffs will continue to suffer irreparable harm as their constitutional rights are infringed upon.

WHEREFORE, Plaintiffs pray that this Court implement the following expedited timeline:

> 1)  Defendant's Response Brief to Plaintiffs' Motion for Preliminary Injunction should be due within 14 days, no later than March 10, 2022;
>
> 2)  Plaintiffs' Reply Brief in support of the Motion for Preliminary Injunction should be due within 7 days of the Response and no later than March 17, 2022;

---

[1] Brenda Freeburn, "Make Boebert one-term," Letter to the Editor, Aspen Daily News (Feb. 2, 2022), Complaint ¶ 25 and Exhibit A.

3

3) An Injunctive relief hearing should take place as soon as practicable after the close if pleadings and, if possible, no later than March 24, 2022.

Undersigned Counsel represents that counsel for Defendant have already been provided courtesy copies of the Complaint, the Motion for Preliminary Injunction and Brief in support thereof, and will be provided a copy of this Motion for Expedited Briefing by email at the time of efilng with the Court on this 24th of February, 2022.

Respectfully Submitted,

/s/ John C. Eastman
John C. Eastman
CONSTITUTIONAL COUNSEL GROUP
174 W. Lincoln Ave, #620
Anaheim, CA  92805
Telephone: (909) 257-3869
FAX:  (714) 844-4817
E-mail: jeastman@ccg1776.com

/s/ Randy B. Corporon
Randy B. Corporon
LAW OFFICES OF RANDY B. CORPORON P.C.
2821 S. Parker Road, Suite 555
Aurora, CO 80014
Telephone: (303) 749-0062
FAX: (720) 836-4201
E-mail: rbc@corporonlaw.com

*Attorneys for Plaintiffs*