**NOTICE OF ELECTION TO INCREASE TAXES
ON A CITIZEN PETITION**

---

## STATEWIDE ELECTION DAY IS
**Tuesday, November 8, 2016**
Voter service and polling centers open 7 a.m. to 7 p.m.

This election is a mail ballot election.
For information about voter service and polling centers, please contact
your county election office.  Contact information for county election
offices appears inside the back cover of this booklet.

---



# 2016 STATE BALLOT
# INFORMATION BOOKLET

*and*

## Recommendations on
## Retention of Judges

Legislative Council of the
Colorado General Assembly

*Research Publication No. 669-6*

A "**YES/FOR**" vote on any ballot issue is a vote **IN FAVOR OF** changing current law or existing circumstances, and a "**NO/AGAINST**" vote on any ballot issue is a vote **AGAINST** changing current law or existing circumstances.

This publication, as well as a link to the full text of the fiscal impact statements for each measure, can be found at: **www.coloradobluebook.com**.

Contact information for county election offices appears inside the back cover of this booklet.

# COLORADO GENERAL ASSEMBLY

**EXECUTIVE COMMITTEE**
Rep. Dickey Lee Hullinghorst, Chair
Sen. Bill Cadman, Vice Chairman
Sen. Lucia Guzman
Sen. Mark Scheffel
Rep. Brian DelGrosso
Rep. Crisanta Duran

**STAFF**
Mike Mauer, Director
Todd Herreid, Deputy Director
Cathy Eslinger, Research Manager
Manish Jani, IT Manager

**COMMITTEE**
Sen. Rollie Heath
Sen. Matt Jones
Sen. Kevin Lundberg
Sen. Vicki Marble
Sen. Ellen Roberts
Sen. Jessie Ulibarri
Rep. Perry Buck
Rep. Lois Court
Rep. Lois Landgraf
Rep. Polly Lawrence
Rep. Jovan Melton
Rep. Angela Williams



## LEGISLATIVE COUNCIL

ROOM 029 STATE CAPITOL
DENVER, COLORADO 80203-1784
E-mail:  lcs.ga@state.co.us
303-866-4799

September 12, 2016

This booklet provides information on the nine statewide measures on the November 8, 2016, ballot and on the judges who are on the ballot for retention in your area.  The information is presented in two sections.

## Section One — Analyses, Titles, and Text

*Analyses.*  Each statewide measure receives an analysis that includes a description of the measure and major arguments for and against.  Careful consideration has been given to the arguments in an effort to fairly represent both sides of the issue.  Each analysis also includes an estimate of the fiscal impact of the measure.  More information on the fiscal impact of measures can be found at **www.coloradobluebook.com**.  The state constitution requires that the nonpartisan research staff of the General Assembly prepare these analyses and distribute them in a ballot information booklet to registered voter households.

*Titles and text.*  Following each analysis is the title that appears on the ballot, which includes information about whether the measure changes the constitution or statute.  Following the ballot title is the legal language of each measure, which shows new laws in capitalized letters and laws that are being eliminated in strikeout type.

### Amendments and Propositions

A measure placed on the ballot by the state legislature that amends the state constitution is labeled an "Amendment," followed by a letter.  A measure placed on the ballot by the state legislature that amends the state statutes is labeled a "Proposition," followed by a double letter.

A measure placed on the ballot through the signature-collection process that amends the state constitution is labeled an "Amendment," followed by a number between 1 and 99.  A measure placed on the ballot through the signature-collection process that amends the state statutes is labeled a "Proposition," followed by a number between 100 and 199.

### Constitutional vs. Statutory Changes

The first line of the analysis of each measure indicates whether the measure is a change to the constitution or statute.  Of the nine measures on the ballot, six propose changes to the state constitution, and three propose changes to the state statutes.  Voter approval is required in the future to change any constitutional measure adopted by the voters, although the legislature may adopt statutes that clarify or implement these constitutional measures as long as they do not conflict with the constitution.  The state legislature, with the approval of the Governor, may change any statutory measure in the future without voter approval.

**Section Two — Recommendations on Retention of Judges**

The second section of the printed Blue Book contains information about the performances of the Colorado Supreme Court justices, the Colorado Court of Appeals judges, and district and county court judges in your area who are on this year's ballot.  The information was prepared by the state commission and district commissions on judicial performance.  The narrative for each judge includes a recommendation stated as "BE RETAINED," "NOT BE RETAINED," or "NO OPINION."  Please refer to the Colorado Office of Judicial Performance Evaluation's website for this information.

**Information on Local Election Officials**

The booklet concludes with addresses and telephone numbers of local election officials.  Your local election official can provide you with information on voter service and polling centers, replacement ballots, and early voting.

# TABLE OF CONTENTS

**Amendment T: No Exception to Involuntary Servitude Prohibition**
Analysis ................................................................................................................................1
Title and Text of Measure .....................................................................................................3

**Amendment U: Exempt Certain Possessory Interests from Property Taxes**
Analysis ................................................................................................................................5
Title and Text of Measure .....................................................................................................7

**Amendment 69: Statewide Health Care System**
Analysis ................................................................................................................................9
Title and Text of Measure ...................................................................................................17

**Amendment 70: State Minimum Wage**
Analysis ..............................................................................................................................27
Title and Text of Measure ...................................................................................................29

**Amendment 71: Requirements for Constitutional Amendments**
Analysis ..............................................................................................................................31
Title and Text of Measure ...................................................................................................33

**Amendment 72: Increase Cigarette and Tobacco Taxes**
Analysis ..............................................................................................................................35
Title and Text of Measure ...................................................................................................39

**Proposition 106: Access to Medical Aid-in-Dying Medication**
Analysis ..............................................................................................................................43
Title and Text of Measure ...................................................................................................47

**Proposition 107: Presidential Primary Elections**
Analysis ..............................................................................................................................57
Title and Text of Measure ...................................................................................................59

**Proposition 108: Unaffiliated Voter Participation in Primary Elections**
Analysis ..............................................................................................................................65
Title and Text of Measure ...................................................................................................67

---

### Proposition 108
### Unaffiliated Voter Participation
### in Primary Elections

---

### ANALYSIS

**Proposition 108 proposes amending the <u>Colorado statutes</u> to:**

♦ change the primary election process in Colorado to allow unaffiliated voters to vote in a nonpresidential primary election of a single political party; and

♦ allow political parties to opt out of holding a primary election and instead choose to nominate candidates by assembly or convention.

**Summary and Analysis**

*Background.* Under current law, a voter must be affiliated with a political party in order to vote in that party's primary election. Unaffiliated voters, sometimes referred to as independent voters, are not registered members of any political party. An unaffiliated voter may affiliate with a political party at any point up to, and including election day, and be eligible under current law to participate in a party's primary election. In Colorado, primary elections to select party nominees for state, county, and federal offices other than president (nonpresidential primaries) are held on the last Tuesday in June in even-numbered years. These primary elections are conducted by county election officials at a cost of about $5.0 million every two years.

*Primary election process open to unaffiliated voters.* Under Proposition 108, voters will no longer be required to affiliate with a political party in order to vote in a party's nonpresidential primary election. Instead, unaffiliated voters will receive a combined ballot that shows all candidates for elected office for each political party. The combined ballot must clearly separate candidates for each political party, and unaffiliated voters may only vote in contests for one political party. If a voter selects candidates of more than one political party on the combined ballot, his or her ballot will not be counted. In counties that determine that a combined ballot is not practical, unaffiliated voters will receive separate ballots for all major political parties participating in the primary election and may return the ballot for one party.

*Option for closed party nominations.* The measure allows political parties, which are private organizations, to opt out of holding a primary election that is open to unaffiliated voters. Instead, they may choose to nominate candidates in an assembly or convention that is limited to voters affiliated with that party. The decision to opt out of holding a primary election must be made by the party's state central committee by a three-fourths majority vote.

*Impact on minor parties.* Under current law, the Democratic and Republican Parties, having met certain vote thresholds in prior elections, are classified as major parties; all other parties, such as the American Constitution Party, the Green Party, and the Libertarian Party, are classified as minor parties. Under Proposition 108, minor parties participating in the primary election will be included on the combined ballot sent to unaffiliated voters. However, a minor party may opt to exclude unaffiliated voters from participating in its primary election. In such cases, only voters affiliated with the minor party will receive that party's primary election ballot. The provision allowing the exclusion of unaffiliated voters only applies to minor parties.

> *For information on those issue committees that support or oppose the measures on the ballot at the November 8, 2016, election, go to the Colorado Secretary of State's elections center web site hyperlink for ballot and initiative information:*
>
> http://www.sos.state.co.us/pubs/elections/Initiatives/InitiativesHome.html

**Arguments For**

1)   Proposition 108 gives unaffiliated voters, who are Colorado taxpayers, the opportunity to vote in publicly financed primary elections.  Unaffiliated voters make up more than one-third of all registered voters in the state.  Proposition 108 gives unaffiliated voters a role in selecting candidates for the general election and makes voting in primary elections easier and more accessible for these voters.

2)   Allowing unaffiliated voters to participate in primary elections may result in candidates who better represent all Coloradans.  In a closed primary, voter participation is typically low and the candidates selected often appeal to a small number of their party's more active members.  Opening the primary election may result in candidates who are more responsive to a broader range of interests.

**Arguments Against**

1)   Proposition 108 uses a combined ballot system for unaffiliated voters that will likely result in about 7 percent of unaffiliated voter ballots not being counted, which could change election winners, and would raise costs for taxpayers.  On a combined ballot, unaffiliated voters must vote for only one party's candidates.  People who vote for candidates in both parties will have their ballots disqualified, and their ballots will not be counted.  In Washington state, where combined ballots are used, 7 percent of ballots are disqualified.  This can change election results, and may result in contested elections and litigation.  Producing and processing a separate combined ballot only for unaffiliated voters creates administrative and financial burdens for counties, especially smaller or rural counties.

2)   Colorado law already allows unaffiliated voters who wish to vote in a political party's primary election to easily change their party affiliation at any point during the election, up to and including on election day.  Political parties are membership organizations that have the right to select their own candidates without influence from people who choose not to affiliate with the party.

**Estimate of Fiscal Impact**

***State government spending.***  Proposition 108 increases state spending by $160,000, with costs split evenly between budget year 2016-17 and budget year 2017-18.  This is a one-time cost for the Secretary of State's Office to make information technology system modifications to the statewide voter database and other voting systems.

***Local government spending.***  Proposition 108 increases local government spending by counties by $750,000 every two years by requiring that ballots be mailed to unaffiliated voters and eliminating a required notification currently sent to unaffiliated voters prior to a primary election.  This estimate assumes that all political parties continue to nominate candidates through the primary election process.  In the event some or all political parties opt out of conducting primary elections and instead choose to nominate candidates by assembly or convention, counties may have total statewide savings of up to $5.0 million every two years.

---

**Proposition 108
Unaffiliated Voter Participation
in Primary Elections**

---

**TITLE AND TEXT**

ANALYSES
TITLES AND TEXT

The ballot title below is a summary drafted by the professional staff of the offices of the secretary of state, the attorney general, and the legal staff for the general assembly for ballot purposes only. The ballot title will not appear in the Colorado Revised Statutes. The text of the measure that will appear in the Colorado Revised Statutes below was drafted by the proponents of the initiative. The initiated measure is included on the ballot as a proposed change to current law because the proponents gathered the required amount of petition signatures.

**Ballot Title:**

Shall there be a change to the Colorado Revised Statutes concerning the process of selecting candidates representing political parties on a general election ballot, and, in connection therewith, allowing an unaffiliated elector to vote in the primary election of a political party without declaring an affiliation with that party and permitting a political party in specific circumstances to select all of its candidates by assembly or convention instead of by primary election?

**Text of Measure:**

*Be it Enacted by the People of the State of Colorado:*

**SECTION 1.  Declaration of the people of Colorado**

BECAUSE PRIMARY ELECTIONS ARE PAID FOR BY TAXPAYERS, ALL ELIGIBLE VOTERS WHO WANT THEIR VOICES TO BE HEARD SHOULD BE ABLE TO VOTE IN THOSE ELECTIONS.

CURRENTLY, THE 35% OF COLORADO VOTERS WHO ARE INDEPENDENT OF A POLITICAL PARTY MUST JOIN A PARTY IF THEY WANT TO PARTICIPATE IN THE SELECTION OF OUR GENERAL ELECTION CANDIDATES. IN FACT, COLORADO IS IN THE MINORITY OF STATES THAT LIMIT PARTICIPATION IN PRIMARY ELECTIONS TO ONLY THOSE AFFILIATED WITH A MAJOR POLITICAL PARTY.

BECAUSE PRIMARY ELECTION TURNOUT IS DECLINING, INVOLVING MORE VOTERS CAN INCREASE PARTICIPATION AND ENCOURAGE CANDIDATES WHO ARE RESPONSIVE TO THE VIEWPOINTS OF MORE COLORADANS.

ACCORDINGLY, ALL VOTERS SHOULD BE ALLOWED TO VOTE IN STATE AND LOCAL PRIMARY ELECTIONS WITH THE SAME EASE AS THOSE VOTERS AFFILIATED WITH A MAJOR POLITICAL PARTY.

**SECTION 2.**  In Colorado Revised Statutes, 1-2-218.5, **amend** (2) as follows:

**1-2-218.5. Declaration of affiliation.** (2) Any eligible elector who has not declared an affiliation with a political party or political organization shall be designated on the registration records of the county clerk and recorder as "unaffiliated".  Any unaffiliated eligible elector may, BUT IS NOT REQUIRED TO, declare a political party affiliation when the elector desires to vote at a primary election, as provided in section 1-7-201 (2), or the elector may declare his or her political party or political organization affiliation at any other time during which electors are permitted to register by submitting a letter or a form furnished by the county clerk and recorder, ~~either~~ by mail, ~~or~~ in person, OR ONLINE IN ACCORDANCE WITH SECTION 1-2-202.5.

**SECTION 3.**  In Colorado Revised Statutes, 1-4-101, **amend** (2) as follows:

**1-4-101. Primary elections - when - nominations - expenses.**  (2) Each political party that is entitled to participate in the primary election shall have a separate party ballot FOR USE BY ELECTORS AFFILIATED WITH THAT POLITICAL PARTY. IN ADDITION, ALL POLITICAL PARTIES THAT ARE ENTITLED TO PARTICIPATE IN THE PRIMARY ELECTION SHALL HAVE THEIR CANDIDATES PLACED ON A SINGLE COMBINED BALLOT TO BE USED BY UNAFFILIATED ELECTORS THAT CONTAINS

THE NAMES OF THE CANDIDATES OF EACH OF THE POLITICAL PARTIES AND THAT ARE CLEARLY AND CONSPICUOUSLY SEGREGATED FROM THE NAMES OF THE CANDIDATES OF ANY OTHER POLITICAL PARTY. ALL CANDIDATES OF A POLITICAL PARTY SHALL BE GROUPED TOGETHER AND SEPARATED BY THE OFFICE EACH CANDIDATE IS SEEKING. SUCH BALLOTS SHALL CLEARLY ADVISE THAT AN ELECTOR MAY CAST THE BALLOT OF ONLY ONE MAJOR POLITICAL PARTY AND THAT ANY BALLOT IN WHICH VOTES HAVE BEEN CAST IN THE PRIMARY OF MORE THAN ONE PARTY SHALL BE VOID AND NOT COUNTED. HOWEVER, AN ELECTOR IS NOT REQUIRED TO VOTE IN THE SAME PARTY PRIMARY AS THE ELECTOR VOTED IN AS PART OF A PRESIDENTIAL PRIMARY ELECTION OCCURRING IN THAT SAME YEAR, IF SUCH AN ELECTION IS HELD;

(a) IF IT IS NOT PRACTICABLE FOR A COUNTY TO USE A SINGLE COMBINED BALLOT THAT CONTAINS THE NAMES OF THE CANDIDATES OF EACH OF THE POLITICAL PARTIES, THE COUNTY CLERK AND RECORDER SHALL SEND TO ALL ACTIVE ELECTORS IN THE COUNTY WHO HAVE NOT DECLARED AN AFFILIATION WITH A POLITICAL PARTY A MAILING THAT CONTAINS THE BALLOTS OF ALL OF THE MAJOR POLITICAL PARTIES. IN THIS MAILING, THE CLERK SHALL ALSO PROVIDE WRITTEN INSTRUCTIONS ADVISING THE ELECTOR OF THE MANNER IN WHICH THE ELECTOR WILL BE IN COMPLIANCE WITH THE REQUIREMENTS OF THIS CODE IN SELECTING AND CASTING THE BALLOT OF A MAJOR POLITICAL PARTY. AN ELECTOR MAY CAST THE BALLOT OF ONLY ONE MAJOR POLITICAL PARTY. AFTER SELECTING AND CASTING A BALLOT OF A SINGLE MAJOR POLITICAL PARTY, THE ELECTOR SHALL RETURN THE BALLOT TO THE CLERK. IF AN ELECTOR CASTS AND RETURNS TO THE CLERK THE BALLOT OF MORE THAN ONE MAJOR POLITICAL PARTY, ALL SUCH BALLOTS RETURNED WILL BE VOID AND WILL NOT BE COUNTED.

(b) THE SECRETARY OF STATE MAY BY RULE ADOPT ADDITIONAL BALLOT REQUIREMENTS NECESSARY TO AVOID VOTER CONFUSION IN VOTING IN PRIMARY ELECTIONS.

(c) The primary election of all political parties shall be held at the same time and shall be conducted by the same election officials.

SECTION 4.  In Colorado Revised Statutes, 1-4-502, **amend** (1) as follows:

**1-4-502. Methods of nomination for partisan candidates.** (1) Except as otherwise provided in paragraphs (b) and (c) of subsection (3) of this section, nominations for United States senator, representative in congress, governor, lieutenant governor, secretary of state, state treasurer, attorney general, member of the state board of education, regent of the university of Colorado, member of the general assembly, district attorney, and all county officers to be elected at the general election may be made by primary election UNDER SECTION 1-4-101 OR BY ASSEMBLY OR CONVENTION UNDER SECTION 1-4-702 by major political parties, by petition for nomination as provided in section 1-4-802, or by a minor political party as provided in section 1-4-1304.

SECTION 5.  In Colorado Revised Statutes, **add** 1-4-702 as follows:

**1-4-702. Nominations of candidates for general election by convention.** (1) NOTWITHSTANDING ANY OTHER PROVISION OF LAW, A POLITICAL PARTY MAY CHOOSE TO CHANGE FROM THE NOMINATION OF CANDIDATES BY PRIMARY ELECTION TO THE NOMINATION OF CANDIDATES BY ASSEMBLY OR CONVENTION FOR ALL OFFICES INCLUDING, BUT NOT LIMITED TO, UNITED STATES SENATOR, REPRESENTATIVE IN CONGRESS, ALL ELECTIVE STATE, DISTRICT, AND COUNTY OFFICERS, AND MEMBERS OF THE GENERAL ASSEMBLY IF AT LEAST THREE-FOURTHS OF THE TOTAL MEMBERSHIP OF THE PARTY'S STATE CENTRAL COMMITTEE VOTES TO USE THE ASSEMBLY OR CONVENTION NOMINATION PROCESS; EXCEPT THAT NOMINATIONS BY MAJOR POLITICAL PARTIES FOR CANDIDATES FOR LIEUTENANT GOVERNOR SHALL BE MADE BY THE PARTY'S CANDIDATE FOR GOVERNOR PURSUANT TO SECTION 1-4-502 (3). SUCH VOTE OF THE PARTY CENTRAL COMMITTEE SHALL OCCUR NO LATER THAN OCTOBER 1 OF THE YEAR PRECEDING THE YEAR IN WHICH AN ASSEMBLY OR CONVENTION NOMINATING PROCESS IS TO BE USED.

(2) A POLITICAL PARTY NOMINATING CANDIDATES BY PARTY ASSEMBLY OR CONVENTION SHALL NOMINATE THE CANDIDATES OF THE PARTY AND MAKE SUCH NOMINATIONS PUBLIC NOT LATER THAN SEVENTY-FIVE DAYS BEFORE THE GENERAL ELECTION.

(3) WHICHEVER METHOD OF CANDIDATE SELECTION IS CHOSEN BY A MAJOR POLITICAL PARTY AS BETWEEN PRIMARY ELECTION, ASSEMBLY OR CONVENTION, ALL OF THE CANDIDATES FOR THAT PARTY AT ANY LEVEL OF OFFICE IN THAT ELECTION YEAR MUST BE SELECTED BY SUCH METHOD, EXCEPT THAT THE REQUIREMENTS OF THIS PROVISION SHALL NOT APPLY TO A PRIMARY FOR PRESIDENT OF THE UNITED STATES IF SUCH AN ELECTION IS HELD.

**SECTION 6.**  In Colorado Revised Statutes, 1-4-1002, **amend** (2.3)(a) as follows:

**1-4-1002.  Vacancies in designation or nomination.** (2.3)(a) A vacancy in a party nomination, other than a vacancy for a party nomination for lieutenant governor for a general election occurring after January 1, 2001, that occurs after the day of the primary election or AFTER NOMINATION BY ASSEMBLY OR CONVENTION UNDER SECTION 1-4-702 and more than eighteen days before the general election may be filled by the respective party assembly vacancy committee of the district, county, or state, as appropriate, depending upon the office for which the vacancy in nomination has occurred in accordance with the provisions of subsection (9) of this section. A vacancy in a party nomination for lieutenant governor for a general election occurring after January 1, 2001, shall be filled by a replacement candidate for lieutenant governor nominated by the party's candidate for governor. A vacancy may be caused by the declination, death, disqualification, resignation, or withdrawal of the person nominated at the primary election or by the declination, death, disqualification, resignation, or withdrawal of an elective officer after a primary election at which a nomination could have been made for the office had the vacancy then existed. No person is eligible for appointment to fill a vacancy in the party nomination unless the person meets all of the requirements of candidacy as of the date of the primary election. When a vacancy is filled pursuant to this paragraph (a), the designated election official shall provide notice by publication of the replacement nomination in the same manner as the notice required by section 1-5-205.

**SECTION 7.**  In Colorado Revised Statutes, 1-4-1304, **amend** (1.5)(c) as follows:

**1-4-1304. Nomination of candidates.** (1.5) (c) If an assembly designates more than one candidate for an office, or if an assembly designates one or more candidates and one or more candidates qualifies by petition, the candidate of the minor political party for that office shall be nominated at a primary election held in accordance with this code. A MINOR POLITICAL PARTY MAY PROHIBIT UNAFFILIATED ELECTORS FROM VOTING IN THE PARTY'S PRIMARY ELECTION SO LONG AS THE PROHIBITION IS IN ACCORDANCE WITH THE PARTY'S CONSTITUTION, BYLAWS, OR OTHER APPLICABLE RULES. ANY MINOR PARTY CHOOSING TO PROHIBIT UNAFFILIATED ELECTORS FROM VOTING IN ITS PRIMARY ELECTION MUST NOTIFY THE SECRETARY OF STATE OF THE PROHIBITION NOT LESS THAN SEVENTY-FIVE DAYS PRIOR TO THE PRIMARY ELECTION.

**SECTION 8.**  In Colorado Revised Statutes, 1-5-402, **add** (2) as follows:

**1-5-402. Primary election ballots.**  (2) NO LATER THAN FORTY-FIVE DAYS BEFORE THE PRIMARY ELECTION, THE COUNTY CLERK AND RECORDER SHALL PREPARE A COMBINED PRIMARY ELECTION BALLOT TO BE USED BY UNAFFILIATED ELECTORS. THE BALLOT MUST BE PRINTED IN THE FOLLOWING MANNER:

(a) ALL OFFICIAL BALLOTS MUST BE PRINTED ACCORDING TO THE PROVISIONS OF SECTIONS 1-4-101, 1-5-407, AND 1-5-408. ACROSS THE TOP OF EACH BALLOT THE WORDS "PRIMARY ELECTION BALLOT FOR U NAFFILIATED VOTERS" SHALL BE PRINTED.

(b) THE POSITIONS OF CANDIDATES ON THE BALLOTS TO BE USED BY UNAFFILIATED ELECTORS MUST BE ARRANGED IN THE ORDER SPECIFIED IN PARAGRAPH (b) OF SUBSECTION (1) OF THIS SECTION; EXCEPT THAT THE CANDIDATES OF EACH POLITICAL PARTY MUST BE CLEARLY AND CONSPICUOUSLY SEGREGATED FROM THE CANDIDATES OF ANY OTHER POLITICAL PARTY AND GROUPED TOGETHER ACCORDING TO SECTION 1-4-101(2).

**SECTION 9.**  In Colorado Revised Statutes, 1-7-201, **amend** (2); and add (2.3) as follows:

**1-7-201. Voting at primary election.** (2) If the name is found on the registration list, the election judge having charge of the list shall likewise repeat the elector's name and present the elector with the party ballot of the political party affiliation last recorded. If unaffiliated, the eligible elector shall openly declare to the election judges the name of the political party with which the elector wishes to affiliate, complete the approved form for voter registration information changes, and initial the registration list in the space provided. Declaration of affiliation with a political party shall be separately dated and signed or dated and initialed by the eligible elector in such manner that the elector clearly acknowledges that the affiliation has been properly recorded. Thereupon, the election judges shall deliver the appropriate party ballot to the eligible elector. Eligible electors who decline to state an affiliation with a political party that is participating in the primary shall not be entitled to vote at the primary election.

(2.3) AN ELIGIBLE UNAFFILIATED ELECTOR IS ENTITLED TO VOTE IN THE PRIMARY ELECTION OF A MAJOR POLITICAL PARTY WITHOUT AFFILIATING WITH THAT POLITICAL PARTY. TO VOTE IN A POLITICAL PARTY'S PRIMARY ELECTION WITHOUT DECLARING AN AFFILIATION WITH THE POLITICAL PARTY, ANY ELIGIBLE UNAFFILIATED ELECTOR SHALL BE GIVEN A COMBINED BALLOT, IF APPLICABLE. IF A COMBINED BALLOT IS NOT AVAILABLE, THE ELECTOR SHALL DECLARE TO THE ELECTION JUDGES

THE NAME OF THE POLITICAL PARTY IN WHOSE PRIMARY ELECTION THE ELECTOR WISHES TO VOTE. THEREUPON, THE ELECTION JUDGES SHALL DELIVER THE APPROPRIATE PARTY BALLOT TO THE ELECTOR. IN ADDITION, ANY ELIGIBLE UNAFFILIATED ELECTOR MAY OPENLY DECLARE TO THE ELECTION JUDGES THE NAME OF THE POLITICAL PARTY WITH WHICH THE ELECTOR WISHES TO AFFILIATE AND COMPLETE THE NECESSARY FORMS. AN ELIGIBLE ELECTOR MUST SEPARATELY DATE AND SIGN OR DATE AND INITIAL A DECLARATION OF AFFILIATION WITH A POLITICAL PARTY FORM IN SUCH MANNER THAT THE ELECTOR CLEARLY ACKNOWLEDGES THAT THE AFFILIATION HAS BEEN PROPERLY RECORDED. THEREUPON, THE ELECTION JUDGES SHALL DELIVER THE APPROPRIATE PARTY BALLOT TO THE ELIGIBLE ELECTOR.

**SECTION 10.** In Colorado Revised Statutes, 1-7.5-107, **delete** (2.3); and **amend** (2.5)(a)(II) as follows:

**1-7.5-107. Procedures for conducting mail ballot election - primary elections - first-time voters casting a mail ballot after having registered by mail to vote - in-person request for ballot - repeal.** (2.3) (a) Not less than thirty days nor more than forty-five days before a primary election, the county clerk and recorder shall mail a notice by forwardable mail to each unaffiliated active registered eligible elector.

(b) The notice shall indicate that the unaffiliated elector has the ability to and must affiliate with a political party in order to vote in the primary election.

(c) The notice shall have a returnable portion that allows the elector to request affiliation with a political party.

(d) The notice may be included with any other communication by mail from the county clerk and recorder to electors within the county.

(2.5) (a) (II) For a primary mail ballot election, in addition to the items described in the notice required by subparagraph (I) of this paragraph (a), such notice shall advise eligible electors who are not affiliated with a political party of the ability to declare an affiliation with a political party and vote in the primary election VOTE IN THE PRIMARY ELECTION OF ANY POLITICAL PARTY. THE NOTICE MUST CLEARLY AND CONSPICUOUSLY ADVISE ELECTORS THAT ANY PRIMARY BALLOT CONTAINING VOTES FOR A CANDIDATE OF MORE THAN ONE POLITICAL PARTY SHALL NOT BE COUNTED.

**SECTION 11.** In Colorado Revised Statutes, 1-7.5-116, **amend** (1) (b) as follows:

**1-7.5-116. Applications for absentee ballot.** (1) (b) If the application is made for a primary election ballot, the application shall name the political party with which the applicant is affiliated or wishes to affiliate, OR, IF THE APPLICANT IS UNAFFILIATED, THE APPLICATION MUST EITHER NAME THE POLITICAL PARTY WITH WHICH THE APPLICANT WISHES TO AFFILIATE OR MUST STATE THAT THE APPLICANT WISHES TO REMAIN UNAFFILIATED AND RECEIVE AN UNAFFILIATED PRIMARY ELECTION BALLOT, OR IF SUCH COMBINED BALLOT IS NOT AVAILABLE, THE BALLOTS FOR EACH PARTY PRIMARY ALONG WITH NOTICE THAT THE ELECTOR SHALL VOTE IN ONLY ONE PRIMARY.

**SECTION 12.** In Colorado Revised Statutes, 1-8.5-101, **amend** (5) as follows:

**1-8.5-101. Provisional ballot - entitlement to vote.** (5) ANY UNAFFILIATED ELECTOR AT A PRIMARY ELECTION MAY CAST A REGULAR PARTY BALLOT UPON REQUESTING SUCH BALLOT FROM AN ELECTION JUDGE IN ACCORDANCE WITH SECTION 1-7-201 (2.3). Any unaffiliated elector at a primary election may ALSO cast a regular party ballot upon openly declaring to the election judge the name of the political party with which the elector wishes to affiliate pursuant to section 1-2-218.5 or 1-7-201. NOTHING IN THIS SECTION REQUIRES A MINOR POLITICAL PARTY TO ALLOW AN UNAFFILIATED ELECTOR TO VOTE IN THE PRIMARY ELECTION OF SUCH POLITICAL PARTY.

**SECTION 13. Effective date - applicability.** This measure applies to any primary election conducted after the effective date of this measure as declared by proclamation of the governor.