IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00477

**PARABLE**, an unincorporated nonprofit association, on behalf of itself and its members;
**RON HANKS,**
**LAUREL IMER,**
**DAVE PETERS,**
**CHARLES W. "CASPER" STOCKHAM,**
**JOANN WINDHOLZ,**

    Plaintiffs,

v.

**JENA GRISWOLD**, in her official capacity as Colorado Secretary of State,

    Defendant.

---

**MOTION FOR LEAVE TO FILE BRIEF OF KELLY BROUGH, HANK BROWN, BERNIE BUESCHER, MICHAEL B. HANCOCK, JOHN HEREFORD, GAIL KLAPPER, AMBER MCREYNOLDS, BILL OWENS, DAN RITCHIE, BILL RITTER, CHRIS ROMER, ROY ROMER, JOHN SUTHERS, KENT THIRY, COLORADO CONCERN, DEMOCRATS FOR EDUCATION REFORM, DENVER METRO CHAMBER OF COMMERCE, INC., LET COLORADO VOTE, AND READY COLORADO AS AMICI CURIAE IN SUPPORT OF DEFENDANT**

---

*Amici curiae* have been engaged community and political leaders in Colorado for decades, serving as elected officials, heads of business and government entities, and policy advocates. *Amici* affiliate with differing political parties, or are independent of any party, have diverse political views, and have been heavily involved in Colorado's electoral process. Through their experience they recognize each citizens' ability to cast a ballot and have meaningful participation in candidate elections is the cornerstone of our representative form of government. For this reason, *Amici* were involved in the development, passage or support of the 2016

Colorado ballot initiative Proposition 108 ("Proposition 108") and its subsequent implementation.

This diverse group of Coloradans share a commitment to maintaining fair and open elections in the State, and all agree that Proposition 108 serves that critical objective. *Amici* each played an important role in developing, promoting, or supporting Proposition 108 and have unique and practical perspectives on the need to promote voter participation in taxpayer funded elections and the importance of Colorado's semi-open primary process.

*Amici* are committed to the electoral deadlines in this election and do not intend to delay the resolution of this case.

Given their interest in Proposition 108, *Amici* respectfully request that this Court grant them leave to file the *amicus* brief attached hereto as Exhibit A and accept the brief as filed.

Dated at Denver, CO, this 16th day March, 2022.

*s/ Gwendolyn Benevento*
Jonathan Anderson #33013
Gwendolyn Benevento #34190
MAVEN LAW GROUP
1600 Glenarm Place, Suite 1600
Denver, CO 80202
Phone: (303) 218-7150
janderson@mavenlawgroup.com
gbenevento@mavenlawgroup.com
*Attorneys for amici curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2022,

I sent a copy of the **MOTION FOR LEAVE TO FILE BRIEF OF KELLY BROUGH, HANK BROWN, BERNIE BUESCHER, MICHAEL HANCOCK, JOHN HEREFORD, GAIL KLAPPER, AMBER MCREYNOLDS, BILL OWENS, DAN RITCHIE, BILL RITTER, CHRIS ROMER, ROY ROMER, JOHN SUTHERS, KENT THIRY, COLORADO CONCERN, DEMOCRATS FOR EDUCATION REFORM, DENVER METRO CHAMBER OF COMMERCE, INC., LET COLORADO VOTE, AND READY COLORADO AS AMICI CURIAE IN SUPPORT OF DEFENDANT** to the following parties in the way described below each party's name:

John C. Eastman
CONSTITUTIONAL COUNSEL GROUP
174 W. Lincoln Ave, #620
Anaheim, CA 92805
Telephone: (909) 257-3869
FAX: (714) 844-4817
E-mail: jeastman@ccg1776.com

Randy B. Corporon
LAW OFFICES OF RANDY B. CORPORON P.C.
2821 S. Parker Road, Suite 555
Aurora, CO 80014
Telephone: (303) 749-0062
FAX: (720) 836-4201
E-mail: rbc@corporonlaw.com

Emily Buckley
Assistant Attorney General
Grant T. Sullivan
Assistant Solicitor General
Public Officials Unit / State Services Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Tel: 720 508-6403 (Buckley) / 6349 (Sullivan)
E-Mail: emily.buckley@coag.gov; grant.sullivan@coag.gov

s/ Gwendolyn Benevento
MAVEN LAW GROUP
1600 Glenarm Place, Suite 1600
Denver, CO 80202
Phone: (303) 218-7150

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00477

**PARABLE**, an unincorporated nonprofit association, on behalf of itself and its members;
**RON HANKS,**
**LAUREL IMER,**
**DAVE PETERS,**
**CHARLES W. "CASPER" STOCKHAM,**
**JOANN WINDHOLZ,**
    Plaintiffs,

v.

**JENA GRISWOLD**, in her official capacity as Colorado Secretary of State,
    Defendant.

---

**BRIEF OF AMICI CURIAE KELLY BROUGH, HANK BROWN, BERNIE BUESCHER, MICHAEL B. HANCOCK, JOHN HEREFORD, GAIL KLAPPER, AMBER MCREYNOLDS, BILL OWENS, DAN RITCHIE, BILL RITTER, CHRIS ROMER, ROY ROMER, JOHN SUTHERS, KENT THIRY, COLORADO CONCERN, DEMOCRATS FOR EDUCATION REFORM, DENVER METRO CHAMBER OF COMMERCE, INC., LET COLORADO VOTE, AND READY COLORADO
IN SUPPORT OF DEFENDANT**

---

## IDENTITY AND INTEREST OF AMICI CURIAE

*Amici curiae* have been engaged community and political leaders in Colorado for decades, serving as elected officials, heads of business and government entities, and policy advocates. *Amici* affiliate with differing political parties, or are independent of any party, have diverse political views, and have been heavily involved in Colorado's electoral process. Through their experience they recognize each citizens' ability to cast a ballot and have meaningful participation in candidate elections is the cornerstone of our representative form of government.

1

For this reason, *Amici* were involved in the development, passage or support of the 2016 Colorado ballot initiative Proposition 108 ("Proposition 108") and its subsequent implementation.

Kelly Brough was a co-chair of the Proposition 108 ballot issue committee, was CEO and president of the Denver Metro Chamber of Commerce from 2009 to 2021, and served as a City of Denver employee from 2003 to 2009, including as chief of staff to the Mayor. Hank Brown served as a United State Senator representing Colorado from 1991 to 1997, and as President of the University of Colorado, the Member of Congress representing Colorado's 4th Congressional district, and Colorado State Senator. Bernie Buescher was a member of the Colorado General Assembly from 2004 to 2008 and Colorado Secretary of State from 2009 to 2011. Michael B. Hancock is the current Mayor of Denver, holding that office since 2011, and previously served on the Denver City Council from 2003 to 2011. John Hereford was a co-chair of the Proposition 108 ballot issue committee, was a presidential appointee, and was executive director of the Great Outdoors Colorado Trust Fund from 2000 to 2003. Gail Klapper is the President of the Colorado Forum and previously served as the Director of the Colorado Department of Regulatory Agencies and the Department of Personnel and was a candidate for Attorney General of Colorado. Amber McReynolds served as the Director of Elections for Denver from 2011 to 2018. Bill Owens served as the Governor of Colorado from 1999 to 2007. Dan Ritchie served as the chancellor of the University of Denver from 1989 to 2205 and as chairman and CEO of the Denver Center for the Performing Arts. Bill Ritter was Governor of Colorado from 2007 to 2011 and the District Attorney of Denver from 1993 to 2005. Chris Romer was a Colorado State Senator from 2007 to 2011, and a candidate for Denver Mayor. Roy Romer was Superintendent of the Los Angeles Unified School District from 2000 to 2006, General Chair of the Democratic

National Committee from 1997 to 1999, and Governor of Colorado from 1987 to 1999. John Suthers is the current Mayor of Colorado Springs and served as Colorado's Attorney General from 2005 to 2015. Kent Thiry was a co-chair of the Proposition 108 ballot issue committee and founded Let Colorado Vote, the leading force behind Proposition 108.

Colorado Concern is a Colorado nonprofit organization dedicated to maintaining strong economic conditions in the State of Colorado. Democrats for Education Reform is a Colorado political action committee composed of education progressives who prioritize students and families, especially low-income students and students of color, to be better served by our country's public education system. The Denver Metro Chamber of Commerce is a Colorado nonprofit organization representing a coalition of businesses promoting employment and economic opportunity. Let Colorado Vote is a Colorado nonprofit organization that formed the ballot issue committee dedicated to supporting Proposition 108 in the 2016 election. Ready Colorado is a Colorado nonprofit organization composed of conservatives dedicated to improving schools and providing more parental choice in education.

This diverse group of Coloradans share a commitment to maintaining fair and open elections in Colorado, and all agree that Proposition 108 serves that critical objective. *Amici* each played an important role in supporting Proposition 108 and have unique and practical perspectives on the need to promote voter participation in taxpayer funded elections and the importance of Colorado's semi-open primary process.

**INTRODUCTION**

The passage of Proposition 108 was a victory for democracy in Colorado. Many of Colorado's most respected leaders from both major political parties, including the then current and every living former governor, publicly supported the passage of Proposition 108.

*Amici* supported Proposition 108 to amend Colorado statute to allow, but not require, semi-open primaries by giving major political parties two choices: 1) hold a semi-open primary that allows unaffiliated voters to vote in taxpayer funded nonpresidential primary elections or 2) opt out of the semi-open primary process and nominate candidates in an assembly or convention without unaffiliated voters. Colorado voters agreed.

Proposition 108 promotes voter participation in the election process by creating an opportunity for unaffiliated voters to engage in selecting candidates for the general election, making voting in primary elections easier and more accessible for the unaffiliated voters, and increasing general participation and engagement in primary elections. It is the experience of *Amici* that, in a vast number of Colorado electoral districts where candidates from one party are almost certain to win the general election, the primary election is the only contest of real consequence.

*Amici* affiliate with opposing political parties and have diverse reasons for supporting semi-open primaries in Colorado, but agree that Proposition 108 was a well-crafted, balanced, and legally sound proposal to make a crucial improvement to our political system by giving more Coloradans a voice when political parties choose to select their candidates through a publicly funded primary election.

**ARGUMENT**

I. **Proposition 108 does not violate Plaintiff's First Amendment associational rights.**

The Complaint filed with the Court contends that the semi-open primary system is unconstitutional because it allegedly violates Plaintiffs' right to freedom of association. *Amici* have an immense respect for the U.S. Constitution and the freedom of association and

4

staunchly oppose Plaintiff's claims. The Complaint fails to demonstrate that the system severely burdens First Amendment associational rights, and Colorado's interests justify the establishment of an optional semi-open primary. As specifically addressed herein, Proposition 108 promotes the important state interest of voter participation in taxpayer funded elections, allows political parties to opt out of the semi-open primary process, and was specifically crafted to avoid cross-over voting that was problematic under electoral laws in other states.

### a. Proposition 108 serves the important state interest of encouraging voter participation.

Political party electoral activities are not of a strictly private nature but are intertwined with public state elections, and "[s]tates have a major role to play in structuring and monitoring the election process, including primaries." *Cal. Democratic Party v. Jones*, 530 U.S. 567, 572 (2000). Political parties are subject to numerous statues governing their role in the public electoral process, including regarding party nominations.

Courts recognize that promoting voter participation in the electoral process is an important state interest. "The right to vote freely for the candidate of one's choice is the essence of a democratic society, and any restrictions on that right strike at the heart of representative government." *Greenville County Republican Party Executive Committee v. South Carolina*, 824 F. Supp. 2d 655, 671–72 (D. S.C. 2011), citing *Reynolds v. Sims,* 377 U.S. 533, 555 (1964).

"It is unavoidable that election laws will impose some burden upon individual voters [and political organizations]." *Greenville,* 824 F. Supp. 2d at 662, citing *Burdick v. Takushi,* 504 U.S. 428, 433 (1992). "[T]he open primary is clearly supported by important and legitimate State rights such as … encouraging voter participation by removing barriers to vote." *Democratic*

*Party v. Nago*, 982 F. Supp. 2d 1166, 1180 (D. Haw. 2013), *aff'd* 833 F.3d 1119 (9th Cir. 2016), citing *Clingman v. Beaver*, 544 U.S. at 581, 593 (2005) (citations omitted).

Proposition 108 was intended to promote voter participation by giving "unaffiliated voters, who are Colorado taxpayers, the opportunity to vote in publicly financed primary elections."[1] In approving Proposition 108, the voters determined that parties could use state funds to host a primary but required that unaffiliated voters be allowed to participate.

*Amici* are in agreement that unaffiliated voters should be allowed to participate in primary elections which are hosted at a significant expense to the state and taxpayers. Political parties can limit participation in their selection of candidates through a closed assembly or convention, but when they choose to engage in the taxpayer funded primary election process, Proposition 108 promotes voter participation through the semi-open primary. Colorado has selected this process for party selection of nominees, and it should be defended.

### b. Political parties can choose a closed process for selecting candidates.

Under Proposition 108, the major political parties are not forced to associate with unaffiliated voters. Parties can choose to opt out of the semi-open primary and nominate their candidate through a closed assembly or convention without participation by unaffiliated voters. C.R.S. § 1-4-702. Colorado's political parties have two substantive methods for nominating candidates. "With the understanding of the importance that the freedom of association plays in the affairs of political parties, courts have repeatedly rejected attempts to facially attack state election statutes on the basis of forced association where state law provides legitimate alternatives that do not restrict freedom of association." *Greenville*, 824 F. Supp. 2d at 664,

---

[1] Legis. Council, Colo. Gen. Assembly, Rsch. Pub. No. 669-6, *2016 State Ballot Information Booklet 65* (2016) ("the Blue Book"), https://leg.colorado.gov/sites/default/files/2016_bilingual_bluebook_for_the_internet_0.pdf (last visited March 14, 2022).

citing *Jones,* 530 U.S. at 577; and *Miller v. Brown,* 503 F.3d 360 (4th Cir. 2007). Therefore, without a mandatory candidate nomination scheme, Proposition 108 does not implicate the right to free association.

Political party members have diverging opinions regarding the participation of unaffiliated voters in their primary. There are good reasons held by many, including *Amici*, that it is in the best interest of their respective political parties to encourage unaffiliated voter participation in their primary election. This is demonstrated by the majority of members in Colorado's Republican Party voting against opting out of the semi-open primaries for 2022.

Whatever opinions party members may have about the semi-open primary, the critical point is that parties have the choice to hold semi-open primary elections or hold a closed convention or assembly. Furthermore, it is the will of Colorado voters that political parties should have this choice, expressed by their passage of Proposition 108.

## II.   Proposition 108 was designed to avoid cross-over voting from registered members of opposing political parties due to a semi-open primary.

Proposition 108's election regulations do not allow voters registered with one party to participate in the primaries of opposing political parties. This eliminates a significant factor discussed in prior court opinions where open primary systems were found to impose a severe burden on associational rights.

When invalidating state open primary systems on constitutional grounds, courts focused in part on an element of the electoral process that allowed voters expressly affiliated with a rival party to vote in another party's primary, or "cross-over voting." See *Jones*, 530 U.S. at 570; *Nago*, 833 F.3d at 1124; and *Idaho Republican Party v. Ysursa*, 765 F.Supp.2d 1266, 1268–69 (D. Idaho 2011). Cross-over voting is criticized for the possibility that registered and affiliated

7

voters adhering to an opposing party's view may try to influence their rival party's nominee. Proposition 108 allows only unaffiliated voters and voters registered with a political party to vote in that political party primary; it does not allow a voter registered with another party to cross-over to vote in a different primary election.

The Complaint raises a related concern about coordinated and intentional efforts to use unaffiliated voters to defeat primary candidates preferred by the members of the party. *Amici* dispute this as unfounded. *See Tashjian v. Republican Party*, 479 U.S. 208, 237 (1986); *Jones*, 530 U.S. at 599; and *Clingman*, 544 U.S. at 618. Regardless, to the extent that there is any real danger of manipulating unaffiliated voters in this way, such danger exists independent of Proposition 108. At any point during the election, up to and including on election day, unaffiliated voters can easily affiliate with a party and vote in that party's primary. C.R.S. § 1-2-218.5. Therefore, unaffiliated voters can decide to affiliate and vote in a primary election, and then easily change affiliation after the election is concluded. *See* C.R.S. § 1-2-219. This provides an opportunity for an unaffiliated voter to temporarily join a party to try to maliciously alter the outcome of that party's primary. Any concern that enforcing Proposition 108 creates the potential for disingenuous unaffiliated primary votes is significantly weakened by the fact that an unaffiliated voter could easily engage in this activity with or without Proposition 108.

### III. Remedy sought by Plaintiffs would require the Court to impermissibly rewrite statute.

If the Court were to award the injunctive relief requested, it is unclear how Plaintiffs would obtain the same right that minor political parties have to notify the Secretary of State by April 14, 2022, that they wish to prohibit unaffiliated voters in their primary elections. Complaint, pg. 20 ¶1. It appears the Plaintiffs are making an impossible request for relief that

would require the Court to rewrite statutes so that political parties could make nominations through closed primary elections or be governed by minor political party statutes. Courts are prohibited from rewriting statutes and may not order the general assembly to adopt legislation because it would violate separation of powers doctrine. Colo. Const. Art. III; *Lucchesi v. State*, 807 P.2d 1185 (Colo. App. 1990). Therefore, the Court may not provide this requested relief. Moreover, were the Court to grant the preliminary injunction without rewriting statutes, there would not be a sufficiently clear process for major political party primaries heading into the upcoming 2022 elections, sending parties into certain disarray.

## CONCLUSION

*Amici* respectfully request that the Court deny Plaintiff's motion for a preliminary injunction.

Respectfully submitted this 16th day of March, 2022.

*s/ Gwendolyn Benevento*
Jonathan Anderson #33013
Gwendolyn Benevento #34190
MAVEN LAW GROUP
1600 Glenarm Place, Suite 1600
Denver, CO 80202
Phone: (303) 218-7150
janderson@mavenlawgroup.com
gbenevento@mavenlawgroup.com
