IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-477

**PARABLE, RON HANKS, LAUREL IMER, DAVE PETERS, CHARLES W. "CASPER" STOCKHAM, JOANN WINDHOLZ,**

   *Plaintiffs*,

v.

**JENA GRISWOLD**, in her official capacity as Colorado Secretary of State,

   *Defendant*.

BRIEF OF *AMICUS CURIAE* PUBLIC INTEREST LEGAL FOUNDATION
IN SUPPORT OF PLAINTIFFS

   This case involves Proposition 108's intrusion into protected First Amendment rights of association. The Complaint alleges that Proposition 108 "requires a major political party to allow voters not affiliated with the party to vote in that party's primary election and thereby to help determine the party's nominee for the general election." Doc. 1, Complaint at ¶ 1. In the words of Governor Polis and Attorney General Weiser, unaffiliated voters are a "a significant portion of the Colorado electorate." Doc. 24 at 5-6. According to *amici*, "Proposition 108 gives these unaffiliated voters a voice in the selection of candidates for public office…." Doc. 24 at 6.[1] *Amici* Governor

---

[1] To be clear, the Foundation does not suggest that Proposition 108 is unconstitutional *per se*, but rather the very nature of the proposition—an effort by non-party members to intrude into the internal decisions of a party—was an effort to dilute, disrupt and damage rights of association by people and supporters who chose not to associate with a party.

1

Polis and Attorney General Weiser accurately describe the mechanics of this constitutional intrusion.

The First Amendment protects individuals from the whims of majoritarianism. These protections include the right to hold unpopular views, *see Texas v. Johnson*, 491 U.S. 397 (1989), attend an unpopular school, *see Wisconsin v. Yoder*, 406 U.S. 205 (1972), or print unpopular things, *see Matal v. Tam*, 137 S. Ct. 1744 (2017). It also protects the right to belong to political groups that may hold such strong ideological views that the broad cross-section of the population might not find that group terribly appealing. The First Amendment is an anti-majoritarian protection against dilution or destruction of these minority views by the vote of the majority.

Governor Polis and Attorney General Weiser's *amici curiae* brief makes clear that the enactment of Proposition 108 was precisely the sort of majority intrusion into minority rights that the First Amendment was designed to protect against. "Plaintiffs seek to override the will of the people," *amici* argue. Doc. 24 at 2. Indeed, the "will of the people" has throughout history found itself crosswise with individual rights.

Governor Polis and Attorney General Weiser further suggest that non-members of a political party may intrude into party affairs to promote "fairness." "Proposition 108 serves the State's legitimate interests in the fairness and stability of Colorado's nominating process." Doc. 24 at 5. *Amici* do not address what unaffiliated individuals would have a party do to be more "fair." What is the most "fair," at least when utilizing the principles of free association protected by the First Amendment, is allowing party members to define their own associational rules without a majoritarian imposed limiting framework such as Proposition 108.

Avoiding adverse "political winds" is another state interest advanced by Governor Polis and Attorney General Weiser. Doc. 24 at 7. In order to stymie full enjoyment of the First Amendment right to associate, a political party in Colorado may only escape the regime imposed by Proposition 108 if three fourths of party members decide to do so. *See* Doc. 1, Complaint at ¶ 25. So much for the will of the majority in this instance. While Proposition 108's mandates were enacted with a bare majority, those it constrains may only escape with a super majority. Again, the majoritarian origins lionized by *amici* highlight the constitutional injury imposed by Proposition 108. A political party should be able to sail before whatever "political winds" they choose, not only those approved by non-members—including opponents—of that party.

Finally, Governor Polis and Attorney General Weiser present a straw man in so far as Plaintiffs supposedly seek to "defy the will of the Colorado Republican party." Doc. 24 at 8. The Colorado Republican Party was forced to make a choice it should not have had to make. Proposition 108 has already strong-armed opponents of the Republican Party into the structural affairs of the party. Of course, after the damage was done, it is true that the party—for now—chose one route. This argument overlooks the fact that the majoritarian process from the start disregarded and injured First Amendment associational rights. Further, when Proposition 108 was being considered, news outlets reported that "[t]he proposition has drawn the opposition of Steve House, chairman of the Colorado Republican Party, and Rick Palacio, chairman of the Colorado Democratic Party." Christopher N. Osher, *Proposition 108 in Colorado: What you need to know*, THE DENVER POST (Sept. 22, 2016), *available at* https://www.denverpost.com/2016/09/22/colorado-proposition-108-unaffiliated-voters-primaries/.

Regardless of where the Court falls regarding the tension between the power of the State and the liberties in the First Amendment, it is beyond dispute that the constitutional injury claimed by the Plaintiffs was birthed in a raw exercise of majoritarian will.

    /s/ Kaylan Phillips
Kaylan Phillips
Public Interest Legal Foundation
32 E. Washington Street
Suite 1675
Indianapolis, IN 46204
Telephone: (317) 203-5599
kphillips@publicinterestlegal.org
*Counsel for Public Interest Legal Foundation*

5

## CERTIFICATE OF SERVICE

I certify that on March 22, 2022, this document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated: March 22, 2022

                                            Respectfully submitted,

                                            */s/ Kaylan Phillips*
                                            Kaylan Phillips