IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00477

**PARABLE**, an unincorporated nonprofit association, on behalf of itself and its members;
**RON HANKS,**
**LAUREL IMER,**
**DAVID PETERS,**
**CHARLES W. "CASPER" STOCKHAM,**
**JOANN WINDHOLZ,**

    Plaintiffs,

v.

**JENA GRISWOLD**, in her official capacity as Colorado Secretary of State,

    Defendant.

---

### BRIEF OF *AMICI CURIAE* BRENDA AND PAUL FREEBURN IN SUPPORT OF DEFENDANT

---

Brenda and Paul Freeburn, through undersigned counsel, respectfully submit the following *amicus* brief in support of Defendant and in opposition to Plaintiff's Motion for Preliminary Injunction pending before the Court.

### INTRODUCTION

Brenda Freeburn is the author of a letter to the editor cited by Plaintiffs as Exhibit 1 to their Complaint. Doc. 1, Exh. 1. The purpose of this amicus brief is to urge the Court to weigh the rights and interests of the Freeburns and the roughly 1.7 million unaffiliated Colorado voters who are currently authorized to vote in the 2022 primaries and to conclude that the public interest is not served by the preliminary injunction sought by Plaintiffs. Plaintiffs' motion for preliminary injunction should be denied.

The Freeburns are residents of Gunnison, Colorado. Prior to the passage of Proposition 108, Ms. Freeburn typically registered to vote as a Republican and Mr. Freeburn typically registered to vote as a Democrat. In 2017, the Freeburns registered as unaffiliated in reliance on the passage of Proposition 108. They have maintained their unaffiliated status since 2017.

Since the passage of Proposition 108, the Freeburns have voted in semi-open primary elections of one or the other major party as unaffiliated voters. As taxpaying citizens of Colorado, they enjoy their unaffiliated status, which allows them to vote in one of the major party semi-open primaries without being required to file with the state repeatedly to restore unaffiliated status.

The Freeburns are not party "raiders". They hold no motive other than their desire to exercise their legal right to vote in the upcoming primary. The Freeburns have been unaffiliated voters for five years since 2017. By contrast, Plaintiffs waited 5 months since the Republican State Central Committee voted not to opt out of a primary and voted to authorize litigation. *See* Doc. 26, Stip. of Facts at ¶ 1. At this late hour, Plaintiffs request that this Court re-write Colorado statutory law and restructure the primary election process in ways that are wholly unclear. The consequences of overturning the statutes implementing Proposition 108 surely will be detrimental to the unaffiliated voters state-wide who rely on the existing process as enacted by Proposition 108.

Preliminary injunctions that upend the status quo are disfavored. Under the law governing preliminary injunctions, the Court should give great weight to the rights currently held by the Freeburns and other unaffiliated voters in determining whether a preliminary injunction

serves the public interest and protects the status quo. If Plaintiffs prevail on their motion, the Freeburns and many others will lose their rights to maintain unaffiliated status and vote in one of the 2022 primaries. At a minimum, there will be confusion and chaos among unaffiliated voters due to an 11th hour change in Colorado election law.

The public harm that an injunction would inflict on the 1.7 million unaffiliated Colorado voters including the Freeburns far outweighs Plaintiffs' interest in obtaining an injunction at this late date.

## ARGUMENT

The Republican State Central Committee *chose* not to opt out of a primary. It therefore *chose* to allow unaffiliated voters to participate in its primary. The Freeburns object to Plaintiff's request for the Court to interfere with the right of unaffiliated voters to participate in Colorado's semi-open primary elections.

1. The requested preliminary injunction is at odds with rights created by the procedure enacted by the State of Colorado and selected by the great majority of the Colorado Republican State Central Committee.

The parties stipulate that in September of 2021, the Colorado Republican Party's State Central Committee voted to hold a semi-open primary in 2022, and thus knowingly conveyed unaffiliated voters such as the Freeburns the right to help determine which Republican candidate will appear on the ballot in the general election. Doc. 26, Stip. of Facts at ¶2. In light of that vote, the Freeburns obtained a right to vote in the Republican primary if they wished. "It has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote and to have their votes counted". *Reynolds v. Sims*, 377 U.S. 533, 554 (1964) (citations omitted). The right to vote is regarded as a "fundamental political right,…preservative of all rights." *Yick*

*Wo v. Hopkins*, 118 U.S. 356, 370 (1886). "It is beyond cavil that 'voting is of the most fundamental significance under our constitutional structure.'" *Utah Republican Party v. Cox*, 892 F.3d 1066, 1076 (10th Cir. 2018) (quoting *Burdick v. Takushi*, 504 U.S. 428, 433 (1992)). Plaintiffs' party knowingly granted the Freeburns and similarly unaffiliated voters a right to vote in the Republican party primary. While they may disagree with the vote of their party, Plaintiffs cannot to overturn the vote through these proceedings.

Here, the statutes implementing Proposition 108, including those providing a political party with the choice to opt out of holding a primary, have been followed precisely as intended. "[W]hen the party's actions turn outwards to the actual nomination and election of an individual who will swear an oath not the protect the Party, but instead to the Constitution, and when the individual ultimately elected has the responsibility to represent all the residents in his or her district, the state acquires a manifest interest in that activity, and the party's interest in such activity must share the stage with the state's manifest interest." *Cox*, 892 F.3d at 1078.[1]

The vote of the members of the Colorado Republican Party's State Central Committee in September of 2021 was in essence a vote to turn their party's nomination process "outward" to include unaffiliated voters such as the Freeburns. Notwithstanding the decision of their party, Plaintiffs seek to disenfranchise the Freeburns and the scores of unaffiliated voters who similarly intend to vote in the 2022 primaries. The Plaintiffs' requested relief puts the Freeburns' fundamental right to participate in the political process squarely at risk.

---

[1] In a related challenge to the Utah statute at issue in *Cox*, the Utah District Court held a portion of the statute that required a party to allow unaffiliated voters to vote in its primary unconstitutional because it forced the party to associate with unaffiliated voters. *Utah Republican Party v. Herbert*, 144 F.Supp.3d 1263, 1271-1282 (D. Utah 2015). However, here there is no *forced* association at all. Here, the statutes implementing Proposition 108 permit a party to opt out of holding a semi-open primary and the Republican Party voted to not opt out.

2. The Freeburns' choice to vote in a party primary is itself an act of association that must be recognized.

Plaintiffs claim that their First Amendment right of association is violated by allowing unaffiliated voters to vote in semi-open primaries. It has been recognized that the act of casting a ballot in primary election may "constitute a form of association that is at least as important as the act of registering." *Clingman v. Beaver*, 544 U.S. 581, 600 (2005) (O'Connor, J., concurring). In her concurring opinion in *Clingman*, Justice O'Conner wrote that "[p]rimary voting is an episodic and sometimes isolated act of association, but it is a vitally important one and should be entitled to some level of constitutional protection." *Id*. at 602.   Plaintiffs give no consideration to the other forms and degrees of party association implicated by the current statutory scheme.

Further, "anyone can join a political party merely by asking for the appropriate ballot at the appropriate a time." *Id*. at 591 (citing *California Democratic Party v. Jones,* 530 U.S. 567, 596 (2000)(Stevens, J., dissenting)). Prior to Proposition 108, the Freeburns would have been free to participate in the Republican primary by affiliating at the time they voted. Proposition 108 simply allows the Freeburns to participate without changing registered affiliation, alleviating the potential confusion and administrative burden on the voters and the State created by the unnecessary switching of registered affiliation status of voters that prefer to maintain unaffiliated status.

When viewed in this light, the Freeburns' vote in the 2022 Republican primary is itself an act of association that the Court can and should consider when determining whether Plaintiffs are entitled to a preliminary injunction.

3. The requested preliminary injunction is adverse to the public interest.

In order to grant Plaintiffs' motion for preliminary injunction, the Court must find among other things that that the injunction isn't "adverse to the public interest." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009); *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019). A preliminary injunction is heavily disfavored where it upends the status quo. *Free the Nipple-Fort Collins*, 916 F.3d at 797.

It would be squarely against the public interest to potentially disenfranchise approximately 1.7 million Colorado voters. At a minimum, a preliminary injunction would throw the 2022 primary into chaos when it comes to the participation of currently unaffiliated voters and whether and how they are able to participate in the primaries. To preserve the Freeburns' right to vote in the 2022 primaries as unaffiliated voters is to preserve the status quo.

The Freeburns have relied on Proposition 108 since its passage in 2016 to vote in Colorado's semi-open primaries as unaffiliated voters. Their right to vote in the 2022 Republican Primary was confirmed when the party voted to hold a primary. Their reliance is well founded and should be recognized as the Court weighs whether to grant a preliminary injunction.

The Freeburns respectfully urge the Court to weigh the harm to them and similarly situated unaffiliated voters if a preliminary injunction issued and to deny Plaintiffs' motion.

Respectfully submitted this 23rd day of March, 2022.

**SAGAL LAW, LLC**

*s/ Roger Sagal*
Roger Sagal
Sagal Law, LLC
241 S. Elizabeth Street
P.O. Box 1168

Ridgway, CO 81432
Telephone: (970) 596-4258
Email: roger@sagalgroup.com
*Counsel to Amicus Curiae Brenda and Paul Freeburn*