**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-00477-JLK

PARABLE,
RON HANKS,
LAUREL IMER,
DAVE PETERS,
CHARLES W. "CASPER' STOCKHAM,
JOANN WINDHOLZ,

      Plaintiffs,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

      Defendant.

---

**ORDER RE:  PRELIMINARY INJUNCTION HEARING**

---

Kane, J.

      This case is scheduled for a Preliminary Injunction hearing on April 5, 2022, at 9:30 a.m.

I will be considering the Plaintiffs' Motion for a Preliminary Injunction (ECF No. 2) in tandem

with Defendant's Motion to Dismiss (ECF No. 27). Due to the need to expedite the pending

motions, some questions have been left unanswered. Consequently, it would be helpful for the

parties to work through the following questions and scenarios in their oral argument.

1. Based on *American Party of Texas v. White*, 415 U.S. 767 (1974), could Colorado eliminate Proposition 108's primary option altogether, leaving only the convention and assembly options?

2. Under Colorado law, could the Colorado Republican Party amend its bylaws or other applicable rules to (1) hold a self-financed primary and (2) permit (or require) the corresponding results to be adopted at a convention or caucus?

3. Regarding Plaintiffs' vote dilution claim, what specific elements do Plaintiffs have to establish to succeed on that claim? And how do the allegations in the Complaint fulfill those elements?

4. Does Plaintiffs' vote dilution claim not advocate that the votes of members of the Republican Party should count more (or at least that the votes of unaffiliated voters should count less) than those of other voters in certain contexts? Is this not contrary to *Reynolds v. Sims*, 377 U.S. 533 (1964)?

5. If challenged by a political party, would Colorado's statutory framework for primary elections that was in effect before the enactment of Proposition 108 have been unconstitutional?

DATED this 4th day of April, 2022.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE