IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00477-JLK

**PARABLE,** an unincorporated nonprofit association, on behalf of itself and its members, *et al.*

    *Plaintiffs*,

v.

**JENA GRISWOLD**, in her official capacity as Colorado Secretary of State,

    *Defendant*.

---

**PLAINTIFFS' MOTION TO STRIKE "REPLY" BRIEF OF
*AMICI* BRENDA AND PAUL FREEBURN OR, IN THE ALTERNATIVE,
RESPONSE TO SUPPLEMENTAL AUTHORITY**

---

    *Amici Curiae* Brenda and Paul Freeburn ("The Freeburn *Amici*") have filed a "reply" to their own amicus brief. That is highly irregular, and Plaintiffs move to strike.

    On March 23, 2022, the Freeburn *Amici* filed their unopposed motion for leave to file an amicus brief. Doc. 40. The Court granted their motion that same day, and ordered that any response to the brief was to be filed by March 29, 2022. Doc. 41. Petitioners filed their response on March 23, 2022, as part of their consolidated response to three separate amici curiae briefs. There was no authorization in the Court's March 23 order for a "reply" brief by the Freeburn *Amici*, and such an authorization would have been highly unusual. *Cf* F.R.A.P. 29(a)(7) ("Except by the court's permission, an amicus curiae may not file a reply brief").

    The Freeburn *Amici* contend that their "reply" brief is submitted pursuant to this Court's minute order of March 25, but that order simply directed that replies to the various amicus briefs

PLAINTIFFS' MOTION TO STRIKE – Page 1

should be filed on or before April 1, 2022. Plaintiffs' reply to the Freeburn *Amici*'s brief was filed well before that deadline, on March 23, 2022, and as amended on March 24, 2022. Doc. Nos. 44, 46.1. Although the order doesn't explicitly mention replies *by the parties*, it is hard to fathom that it contemplated allowing *amici* to reply to their own amicus briefs.

Plaintiffs' therefore move to strike the "Reply" Brief of the Freeburn *Amici*.

Alternatively, because the Freeburn *Amici*'s brief identifies a recent case, Plaintiffs' provide this response to what might be considered a notice of supplemental authority.

The Freeburn *Amici* cite *Lopez v. Griswold*, No. 22-cv-00247-JLK, 2022 WL 715122 (D. Colo. 2022), to further press their argument that Plaintiffs' First Amendment rights are not violated by Proposition 108. *Lopez* dealt with campaign contributions, not forced association, and is therefore inapposite. As this Court recognized in that case, "contribution limits and voluntary spending limits are subject to a less demanding standard" than are other First Amendment claims. *Id.*, 2022 WL 715122, at *5 (citing *Randall v. Sorrell*, 548 U.S. 230, 236-37 (2006)). Indeed, this Court expressly noted that "Plaintiffs reveal their significant misunderstanding of the law by 'merging' an individual's desire to be free from the [campaign finance] regulations at issue in this case with the enumerated right of speech and the derivative right of association." *Id.* Because Plaintiffs here have raised claims under the "enumerated right of speech and the derivative right of association," strict scrutiny, rather than the "less demanding standard" applicable to campaign finance regulations, is the relevant standard.

This Court also noted in *Lopez* that because challenges to campaign finance regulations require a "highly fact-intensive inquiry" and should be based on "record evidence" that was lacking in the case, preliminary injunction relief was inappropriate. Neither concern is present in

PLAINTIFFS' MOTION TO STRIKE – Page 2

the instant case because the intrusion on the associational rights of Plaintiffs and the political party with which they are affiliated is self-evident; indeed, that was the express purpose of Proposition 108.[1]

Dated:  April 4, 2022                    Respectfully Submitted,

/s/ John C. Eastman
John C. Eastman
CONSTITUTIONAL COUNSEL GROUP
174 W. Lincoln Ave, #620
Anaheim, CA  92805
Telephone: (909) 257-3869
FAX:  (714) 844-4817
E-mail: jeastman@ccg1776.com

/s/ Randy B. Corporon
Randy B. Corporon
LAW OFFICES OF RANDY B. CORPORON P.C.
2821 S. Parker Road, Suite 555
Aurora, CO 80014
Telephone: (303) 749-0062
FAX: (720) 836-4201
E-mail: rbc@corporonlaw.com

*Attorneys for Plaintiffs*

---

[1] This court also held in *Lopez* that a "strong showing" of the "likelihood of success" and "balance of harms" factors for preliminary injunctive relief was required because Plaintiffs were seeking to change the status quo of enforcement of an initiative that had been in place for "20 years." *Id.* at *4, Plaintiffs acknowledged this aspect of the *Lopez* holding in its Response to *Amici*, Doc. 46.1, p.11, and contended that even if the relatively recent initiative they are challenging required a "strong showing," that burden is met here.